UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORLA ENTERPRISES | ) | Case No. 08 B 27287 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## MEMORANDUM OPINION

In this matter, the debtor-lessor, Orla Enterprises, an Illinois Family Partnership ("Orla") filed a motion to reject a lease for non-residential real property to the extent that the lease remains unexpired. The lessee of that lease, Brandy's Automotive Repair, Inc., an Illinois corporation; and Michael J. Eber as assignee (collectively "Brandy's"), oppose the motion and seek to exercise an option to purchase allegedly contained in the lease. The motion is denied based upon the following.

## I. JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O).

## II. BACKGROUND

In late December 1999, Orla[1] and Brandy's negotiated a commercial lease agreement regarding non-residential real property located at 2955 Odgen Avenue in Lisle, Illinois. Brandy's, as the lessee, was to use the property for an automotive repair business. The term of the lease was twenty years with a start date of August 1, 2000. (Orla Mot. [Dkt. 7] Ex. 1 at 1; Resp. to Orla Mot. [Dkt. 20] Ex. 1 at 1).

---

[1] The actual signatory of the lessor was Standard Bank and Trust Company, as Trustee UTA No. 16006, Dated July 28, 1998. For purposes of this opinion, Standard Bank and Orla are the same.

At issue is a disputed option to purchase contained within the lease. According to Brandy's, the lease contained the following provision:

> 23.14 <u>PURCHASE OPTION.</u> The Tenant shall have the first option to purchase the [premises] from the Landlord during the 6th lease year for a cash price of $650,000.00, plus or minus any prorations for rent, and security deposits. The option shall expire and be of no force or effect if not exercised during the 6th lease year, or if the lease is terminated for cause, or upon mutual consent.

(Resp. to Orla Mot. [Dkt. 20] Ex. 1 at 16).

Orla argues that this provision was never part of the lease; this provision is not included in the copy of the lease it submitted as an exhibit to this motion. (*See* Orla Mot. [Dkt. 7] Ex. 1 at 16). Conversely, Brandy's argues this provision was later added by consent of both parties and was intended to be part of the original lease. The copy of the lease Brandy's attaches to its responsive brief contains this provision. Brandy's acknowledges that its original copy of the lease was destroyed in a fire. The issue of the existence of this provision was being litigated in a declaratory action brought by Brandy's in the Circuit Court of DuPage County in Wheaton, Illinois prior to the filing of Orla's bankruptcy. That matter is currently stayed.

The lease also contained an exhibit titled "Right of First Refusal to Purchase Property." The exhibit states:

> In the event the Landlord chooses to sell the real estate during the term of the lease and obtains a bona fide contract to purchase the real estate, the Landlord shall provide the Tenant with a copy of said contract and the Tenant shall thereafter have the right to complete the purchase on identical terms and conditions as the bona fide contract. If the Tenant does not notify the Landlord in writing that it is willing to be bound to purchase the real estate on identical terms and conditions within five business days after receipt of the bona fide contract, this Exhibit C Right of First Refusal to Purchase Property shall be deemed waived by the Tenant and of no force or effect. If the bona fide contract requires an earnest money deposit, the Tenant shall deposit said earnest money in an escrow account designated by the Landlord in said contact [sic].

(Orla Mot. [Dkt. 7] Ex. 1 at 21; Resp. to Orla Mot. [Dkt. 20] Ex. 1 at 21).

2

Both parties acknowledge the existence of this exhibit.

The parties fulfilled their respective duties and obligations under the lease until June 2006, the sixth year of the lease term. In a letter dated June 16, 2006, Brandy's informed Orla that it would like to exercise the disputed purchase option. Orla refused to sell Brandy's the property and denied that the purchase option existed. On December 31, 2006, Brandy's ceased operations and vacated the property. Shortly thereafter, in January 2007, Michael J. Eber was appointed as Trustee-Assignee for the Benefit of Creditors of Brandy's Automotive, Inc. Orla filed chapter 11 relief under the Bankruptcy Code on October 10, 2008. According to Orla, the estimated fair market value of the property is currently $2,100,000.00.

## III. DISCUSSION

Brandy's seeks to enforce the alleged option. It urges that the lease expired pre-petition as a result of a material breach by Orla for failing to honor the option to purchase. Since the lease, and the option to purchase contained therein, expired pre-petition, Brandy's contends it is not an executory contract or unexpired lease under 11 U.S.C. § 365 and cannot be rejected by Orla. Orla maintains that the lease never contained the option to purchase, and if it did, Orla may reject it as an unexpired lease or executory contract under § 365(a). Even if the purchase option does in fact exist, Orla contends that it is a separate executory contract that may be properly rejected under § 365(a).

At issue is whether the option to purchase or right of first refusal contained in the lease is an executory contract that may be properly rejected under U.S.C. § 365(a). The term "executory contract" is not defined by the Bankruptcy Code. The Seventh Circuit recognizes the definition of an executory contract first provided by Professor Countryman. *In re Streets & Beard Farm Partnership*, 882 F.2d 233, 235 (7th Cir. 1989). Additionally, state law is used to determine

applicable contract law. *See id.* (applying state law to determine if contract was executory). In Illinois, an option to purchase contained in a lease is a contract where the lessor grants the lessee the right to purchase the premises within a certain time period for a fixed price. *Wolfram Partnership, Ltd. v. LaSalle Nat'l Bank*, 765 N.E.2d 1012, 1020, 328 Ill. App. 3d 207, 216 (Ill. App. Ct. 2001). A purchase option contract contained in a lease is a unilateral contract that becomes a bilateral executory contract once it is exercised. *In re Valley Liquors, Inc.*, 103 B.R. 961, 967-68 (Bankr. N.D. Ill. 1989) (quoting *Bonde v. Weber*, 128 N.E.2d 883, 888, 6 Ill.2d 365, 374 (Ill. 1955) "The lessee must exercise the option in strict conformity with all conditions prescribed and not waived by the lessor." *Wolfram*, 765 N.E.2d at 1020, 328 Ill. App. 3d at 217. However, "if no specific mode of acceptance is specifically fixed in the offer, the acceptance need not be in any particular form nor evidenced by express words." *Valley Liquors*, 103 B.R. at 968 (citing *Keene Corp. v. Chapple*, 716 F.2d 475, 478 (7th Cir. 1983). A contract may also terminate or expire under its own terms. *See In re Central Illinois Energy, L.L.C.*, 2008 WL 3462266 (Bankr. C.D. Ill. 2008) (citing *In re Penn Traffic Co.*, 524 F.3d 373 (2nd Cir. 2008)).

Under the Countryman definition, an executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Murtushi*, 55 B.R. 564, 567 (Bankr. N.D. 1985) (quoting Vernon Countryman, EXECUTORY CONTRACTS IN BANKRUPTCY: PART I, 47 MINN L. REV. 439, 460 (1973)). The focus of whether a contract is executory is determined by looking at the obligations as they existed at the date of filing the bankruptcy petition. *Murtushi*, 55 B.R. at 567. If no performance is due by either party on the date of filing, the contract is not executory and cannot be rejected under

4

§ 365. *Id.* "Taking this reasoning a step further, when the debtor has not only failed to perform but has breached the contract pre-petition with the result that the other party has no further duty to perform but rather holds a claim against the debtor, the contract is no longer executory for purposes of section 365." *Id.*; *see also* 3 COLLIER ON BANKRUPTCY ¶ 365.02[1], pg. 365-17 (15th ed. rev'd 2008) (stating "Similarly, if the other party fully performed and only the debtor's performance remained to be done, the estate already has whatever benefit is to be gained from the contract. The other party has a claim against the estate for breach of contract if the debtor or the estate does not perform, but that party cannot deprive the estate of the performance the estate has already received.").

In *Murtishi*, the debtors entered into a contract to sell their residence to another party pre-petition. *Id.* at 565. The debtors subsequently changed their mind and defaulted on the real estate contract. *Id.* After defaulting on the contract, the debtors filed for chapter 11 bankruptcy protection and sought to reject the sales contract under § 365(a). *Id.* at 565. Applying the Countryman definition, the court denied the debtors' efforts and held the contract was no longer executory since the debtors breached their contract pre-petition. *Id.* at 568. *Murtishi* also provided policy reasons for its holding, stating:

> It is not deemed an abuse of the bankruptcy process to file a chapter 11 petition solely to reject an executory contract. Nevertheless, good faith debtors obligated under a contract in a situation similar to the case *sub judice* should find themselves in no better position under the bankruptcy laws than if they had pursued alternative remedies, e.g., an action for recission or reformation, in state court. To allow a debtor to reject a contract breached pre-petition would be tantamount to sanctioning the operation of section 365 as a treasure trove for such a rejecting debtor... Just as a bankruptcy court cannot resurrect a lease which has been terminated pre-petition, a trustee or debtor in possession cannot resurrect a contract which has been breached pre-petition and thereafter attempt to reject it.

*Id.*

In the present case, assuming the purchase option did in fact exist, Orla breached the contract by refusing to honor the option by the end of the sixth year of the lease as provided by the terms of the option. The option itself did not prescribe a specific mode or method of exercising the option; only that it be exercised within the sixth year of the lease. Brandy's timely notice of its intention to exercise the option was sufficient to properly exercise it. By failing to honor the option, Orla breached the contract if the option existed.

There is an additional reason that the option to purchase is not an executory contract. In Illinois, when one party refuses to perform under a contract, the other party may either treat the contract as still in effect or as a breach and cease its own performance so long as the breach is material. *In re Enrique M. Lopez, M.D.S.C.*, 93 B.R. 155, 158-59 (Bankr. N.D. Ill. 1988). An option to purchase contained in a lease is terminated upon termination of the lease itself. *Wolfram*, 765 N.E.2d at 1021, 328 Ill. App. 3d at 217. In this case, Brandy's chose the latter, ceasing its performance under the lease by abandoning the premises and stopping payment of rent thus terminating the lease and the option contained therein. The option, on its own terms, specifically stated that it would terminate for cause. Once this occurred, the duties and obligations of the parties under the lease terminated. Once the lease terminated, the option to purchase, if it existed at all, and the right of first refusal contained in the lease terminated and were no longer executory.

Neither the option to purchase nor the right of first refusal is an executory contract that may be rejected under § 365(a), because by the petition date, these parties were no longer in a contractual relationship. Since the existence of the option itself is at issue, further proceedings are needed to determine whether a breach did in fact occur pre-petition.

## IV CONCLUSION

For the reasons stated above, Orla's motion to reject the lease for non-residential real property to the extent that the lease remains unexpired is DENIED.

DATED:    January 8, 2009                    ENTER: *Jacqueline P. Cox*

                                                    J. Cox
                                             _____
                                             **Honorable Jacqueline P. Cox**
                                             **United States Bankruptcy Judge**