UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORLA ENTERPRISES, an Illinois Family Partnership, | ) ) ) | Case No. 08 B 27287 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## MEMORANDUM OPINION

The matter before the Court is the objection of Brandy's Automotive Inc. and Michael J. Eber, not individually, but as Trustee-Assignee for the Benefit of Creditors of Brandy's Automotive, Inc. (collectively "Brandy's"), to the plan of reorganization of the debtor, Orla Enterprises, an Illinois Family Partnership ("Orla") pursuant to 11 U.S.C. § 1122. The objection is sustained based upon the following.

## I. JURISDICTION

The Court has jurisdiction to decide the matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O).

## II. BACKGROUND

Orla is the owner of a piece of commercial real estate located at 2955 Ogden Avenue, Lisle, Illinois. In December 1999, Brandy's negotiated a twenty-year lease with Orla to operate a automotive repair business on the property. The lease term began August 1, 2000. The parties fulfilled their respective duties and obligations under the lease until June 2006, the sixth year of the lease. In June 2006, Brandy informed Orla that it would like to exercise its option to purchase the leased property pursuant to an alleged provision contained in the lease. Orla rejected Brandy's

attempted exercise of the option and denied its existence. Brandy's vacated the property by the end of 2006 and commenced litigation by filing a declaratory action in state court in the Circuit Court of DuPage County, Illinois to determine whether the option existed.

Orla filed a voluntary chapter 11 bankruptcy petition during the pendency of the state court action on October 10, 2008. Brandy's timely filed its claim. Shortly thereafter, Orla sought to reject the lease as unexpired under 11 U.S.C. § 365. Brandy's opposed Orla's efforts and sought to exercise the purported option contained in the lease. This Court denied Orla's efforts to reject the lease on January 8, 2009.[1] On April 27, 2009, this Court lifted the automatic stay under 11 U.S.C. § 362 to allow Brandy's to proceed with its declaratory action in state court.

On March 17, 2009, Orla filed its plan of reorganization. Class 1 of the plan consists of allowed, unimpaired secured claims held by Standard Bank. The claims contained in Class 2 are the allowed unsecured claims of Standard Bank. Class 3 consists of claims of allowed general unsecured claims. Brandy's claim regarding the disputed commercial property is the sole claim in Class 4. Class 5 claims are insiders' claims. The plan was sent out for voting on March 23, 2009. After the plan was sent out, Orla commenced an adversary proceeding on April 17, 2009 objecting to Brandy's claim. At a hearing on the matter on June 11, 2009, the United States Trustee participated and suggested that Orla's objection to Brandy's claim may not have been timely filed. The Court stayed the adversary proceeding on April 27, 2009 until the outcome of the state court action determining Brandy's rights under the lease.

Brandy's filed an objection to the plan, arguing that the claims in Classes 3 and 4 should not be segregated and were separated for gerrymandering purposes. Brandy's alleges that Orla is

---

[1] See In re Orla Enterprises, 399 B.R. 25 (Bankr. N.D. Ill. 2009).

attempting to separate the Classes in order to obtain the vote of one impaired class of creditors for the plan to allow a "cram down" of the plan. This would allow the plan to be confirmed over Brandy's objection to confirmation of the plan.

## IV. DISCUSSION

As a preliminary matter, Orla's adversary proceeding does not affect Brandy's ability to vote on the plan. The issue was raised that Brandy's may be precluded from voting on the plan since there is an objection against its claim and it did not receive prior court approval to vote on the plan. However, the objection came after the plan was submitted for voting. Any objection to Brandy's ability to vote on the plan is improper due to the timing issues.

The issue before the Court is whether Orla improperly separated Brandy's claim (Class 4) from the other unsecured claims (Class 3). A plan of reorganization cannot be confirmed unless one class of impaired creditors votes to accept the plan. 11 U.S.C. § 1129(a)(10); *Wabash Valley Power Ass'n*, 72 F.3d 1305, 1320 (7th Cir. 1995)). An impaired creditor class is a class whose claims are not unimpaired; unimpaired claims are those claim who are paid in full and in accordance with their original terms, including the cure of any defaults. 11 U.S.C. § 1124.

"Every plan proponent creates its classification scheme with the goal of maximizing the probability that its plan will be confirmed." *In re Sentinel Mgmt. Group, Inc.*, 398 B.R. 281, 296 (Bankr. N.D. Ill. 2008) (quoting *In re Bloomingdale Partners*, 170 B.R. 984, 996 (Bankr. N.D. Ill. 1994)). The plan proponent enjoys a wide latitude of discretion in classifying claims. *Id.* This discretion is not complete, a debtor "possesses considerable, but not complete discretion to classify claims and interests in its Chapter 11 plan of reorganization." *Id.* (quoting *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994)). Section 1122(a) of the Bankruptcy Code states "a plan may place

3

a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests in such class." 11 U.S.C. § 1122(a). Section 1122(a) does not, in its own terms, prohibit separating claims. *See Sentinel*, 398 B.R. at 297. It only requires that dissimilar claims cannot be placed in the same class. *Id.* Otherwise, § 1122(a) provides little guidance as to how clams should be classified.

The Seventh Circuit Court of Appeals weighed in on the issue:

> A debtor in bankruptcy has considerable discretion to classify claims and interests in a chapter 11 reorganization plan. While a debtor may not separately classify claims solely in order to "gerrymander an affirmative vote on reorganization," claims may be classified separately if "significant disparities exist between the legal rights of the holder[s of the different claims] which render the two claims not substantially similar". Claims may also be separately classified if there are "good business reasons" to do so or if the claimants have sufficiently different interests in the plan.

*In re Wabash Valley Power*, 72 F.3d at 1321 (quoting *Woodbrook*, 19 F.3d at 318) (brackets in original).

The Court of Appeals also noted the danger of gerrymandering to ensure the proper vote is secured to obtain confirmation of the plan and stated "[s]ome limits are necessary to offset a debtor's incentive to manipulate a classification scheme and ensure the affirmative vote of at least one impaired class." *Woodbrook*, 19 F.3d at 317. Gerrymandering in the classification of claims in a chapter 11 plan of reorganization "is to create classes of claims in an artificial way with the purpose of ensuring that the plan will be confirmed." *Bloomingdale Partners*, 170 B.R. at 995. The Court of Appeals stopped short of defining limits to diminish gerrymandering and left that decision to the bankruptcy courts, stating "that this is one of those areas of the law in which it is not possible to do better than to instruct the first-line decision maker, the bankruptcy judge, to seek the result that is reasonable in light of the purposes of the relevant law..." *In re Crawford*, 324 F.3d 539, 542 (7th Cir.

2003).

Whether a claim should be included within the same class is dependent on whether the claim is "substantially similar." *Sentinel*, 398 B.R. at 297. The determination is made by examining the nature of the claim or its legal attributes and not by focusing on the status or circumstances of the claimant. *Id.* Separate classification is proper where it can be demonstrated that the claims may have different legal rights, bankruptcy priorities or business reasons pertinent to a successful reorganization of the debtor. *Bloomingdale Partners*, 170 B.R. at 997. The way a claim holder may vote is not a legitimate basis on which to segregate classes of claims. *Id.* at 998.

Orla argues that it may properly separate the Class 3 and Class 4 claims by distinguishing Brandy's claims from the other unsecured claimants and points out that Brandy's claim is unliquidated, disputed, and contingent upon the outcome of state court litigation. Further, Orla posits a business justification for separating Brandy's claim into its own class because Brandy's success in the state court litigation would effectively destroy Orla's chances at a successful reorganization because the disputed property accounts for more than one half of its income. This comes close to explaining why gerrymandering is desired herein.

Orla's reasons for segregating Brandy's claims from the rest of the holders of unsecured claims are insufficient. As stated earlier, the law is clear that the claim itself and not the claimant are the focus when creating different classes of claims. Here, the claims contained in Classes 3 and 4 are all unsecured claims. The fact that one is disputed is not a proper basis for separating claims that would otherwise be similar. *See In re Porcelli, II*, 319 B.R. 8, 11 (Bankr. M.D. Fla. 2004) (stating "the legal status of the claim and not its disputed status is the appropriate focus of classification, the segregation of unsecured claims that are disputed is improper."). Moreover, the plan itself may

5

violate the absolute priority rule, requiring that a class of claimants be paid in full before a junior class is paid, may be violated if Class 3 claims were satisfied before Brandy's Class 4 claim. *See Wabash Valley Power*, 72 F.3d at 1313. As stated earlier, both classes of claims contain unsecured claims. Brandy's objection to confirmation of Orla's plan of reorganization is sustained.

## IV. CONCLUSION

Based on the foregoing, Brandy's objection to the Debtor's plan of reorganization is sustained. Confirmation of Orla's plan of reorganization is DENIED.

DATED: August 10, 2009                    ENTER:

                                          /s/ Jacqueline P. Cox
                                          _____
                                          **Jacqueline P. Cox**
                                          **United States Bankruptcy Judge**